UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMON C. HARRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14CV963 JCH |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Raymon C. Harrell's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On July 2, 2010, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of kidnapping, one count of attempted burglary in the first degree, two counts of domestic assault in the third degree, one count of endangering the welfare of a child in the second degree, and one count of property damage in the second degree. On August 13, 2010, Petitioner was sentenced as a persistent offender to concurrent terms of imprisonment totaling twenty years.[1] The Missouri Court of Appeals affirmed the convictions and sentence. *State v. Harrell*, 357 S.W.3d 256 (Mo. App. 2012). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief. *Harrell v. State*, 414 S.W.3d 684 (Mo. App. 2013).

---

1 According to Respondent, Petitioner is only serving his twenty year sentence for kidnapping, as he has completed

- 1 -

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following seven claims for relief:

(1) That the trial court erred in denying Petitioner's motion for judgment of acquittal at the close of all evidence, as the State's evidence was insufficient to prove that Petitioner committed the crime of kidnapping;

(2) That the trial court erred in denying Petitioner's motion for judgment of acquittal at the close of all evidence, as the State's evidence was insufficient to prove that Petitioner committed the crime of endangering the welfare of a child in the second degree;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Ms. Tammy Campbell to testify at trial;

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to request a bill of particulars to force the State to allege the date and time of the alleged offense;

(5) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to request an alibi instruction;

(6) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Ms. Tammy Harrel to testify at trial; and

(7) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate Petitioner's case prior to trial.

The Court will address the claims in turn.

## DISCUSSION

**I.** **Procedural Default**

"A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default of that claim." *Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005) (citation omitted); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir.) (citation omitted) ("Claims that have not been presented to the state courts, and for which there are no remaining state

---

all other sentences. (Response to Order to Show Cause why a Writ of Habeas Corpus should not be Granted, P. 1).

remedies, are procedurally defaulted."), *cert. denied*, 552 U.S. 923 (2007). "To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording such courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir.) (internal quotations and citations omitted; alteration in original), *cert. denied*, 540 U.S. 870 (2003). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (internal quotations and citations omitted).

### A.   Grounds 4, 5, And 7

As stated above, in Ground 4 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to request a bill of particulars to force the State to allege the date and time of the alleged offense. (§ 2254 Petition, PP. 13-15). In Ground 5 Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to request an alibi instruction. (*Id.*, P. 18). In Ground 7 Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to investigate Petitioner's case prior to trial. (*Id.*, P. 20). All three grounds rely on Petitioner's claim that he possessed an alibi defense to the charges against him, namely, that the crimes could not have taken place because both he and the alleged victim were incarcerated on the date presented in the indictment. Petitioner did not raise the claims asserted in Grounds 4, 5 and 7 on direct appeal, nor did he raise them in his post-conviction motion.

"Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. App. 1980)), *cert. denied*, 513 U.S. 983 (1994). Because Petitioner failed to raise the claims stated in Grounds 4, 5 and 7 of the instant petition in any state court proceeding, he

is procedurally barred from pursuing them here. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins,* 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995). Therefore, this Court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Petitioner attempts to show cause for his failure to raise the claims in state court, by citing to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Assuming without deciding that he has demonstrated sufficient cause for the default, the Court finds Petitioner has failed to demonstrate the requisite prejudice. The indictment in Petitioner's case charged that certain crimes, including kidnapping and endangering the welfare of a child in the second degree, occurred on October 22, 2009. (Resp. Exh. B, PP. 10-12). During trial, the alleged victim did not identify a specific date on which the kidnapping and child endangerment occurred; instead, she testified that the incidents occurred about a week after an earlier altercation on October 16, 2009. (Resp. Exh. A, PP. 191-92). She further testified that while she did not call the police that day, she called the next day, October 22, 2009, when Petitioner showed up at her house. (*Id.*, PP. 204, 205-06). A police detective then testified that he arrested Petitioner on October 22, 2009. (*Id.*, PP. 250-51). Petitioner did not present any witnesses or evidence to contradict that the alleged offenses occurred on October 21, 2009, a date when Petitioner was not imprisoned. Finally, the jury was instructed that the alleged offenses occurred on October 21, a date for which Petitioner did not have an alibi.[2] (Resp. Exh. B, PP. 39, 45, 46). Under these circumstances, the Court finds no reasonable probability the outcome of Petitioner's case would have been different had trial counsel requested a bill or particulars, requested

---

2 Petitioner's own witness, Tammy Campbell, testified at his post-conviction motion hearing that both Petitioner and the alleged victim were present at her mother's house on the afternoon of October 21, 2009. (Resp. Exh. F, PP. 20-25, 47).

an alibi instruction, and/or further investigated. The claims raised in Grounds 4, 5 and 7 of the instant petition thus remain procedurally barred.

The Court next considers whether its failure to consider Petitioner's claims would result in a fundamental miscarriage of justice. The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (citations omitted), *cert. denied*, 549 U.S. 1036 (2006). "The requirements to establish the requisite probability of innocence are high. [Petitioner] must first come forward with 'new' evidence, and then he must show that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (internal citation omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), *cert. denied*, 547 U.S. 1022 (2006). Petitioner here cannot meet this high standard, as he offers no new evidence tending to demonstrate he is innocent of the crimes for which he was convicted. Therefore, the claims raised in Grounds 4, 5 and 7 of the instant petition are procedurally barred and must be denied.

**B.** **<u>Ground 6</u>**

As stated above, in Ground 6 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Ms. Tammy Harrel[3] to testify at trial.[4] (§ 2254 Petition, P. 19). Petitioner did not raise the claim asserted in Ground 6 on direct appeal, nor did he raise it in his post-conviction motion.

As noted above, "Missouri procedure requires that a claim be presented 'at each step of the

---

3 The Court utilizes the spelling of Ms. Harrel's name used by Petitioner in his petition.
4 If Tammy Harrel is in fact the same person as Tammy Campbell, Plaintiff's claim with respect to counsel's failure to call her as a witness is addressed in section II(C), *infra*.

judicial process' in order to avoid default." *Jolly*, 28 F.3d at 53 (citation omitted). Because Petitioner failed to raise the claim stated in Ground 6 of the instant petition in any state court proceeding, he is procedurally barred from pursuing it here. *Coleman*, 501 U.S. at 731-32; *Forest*, 52 F.3d at 719; *Keithley,* 43 F.3d at 1217. Therefore, this Court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

This Court previously has ruled out the latter option, by noting that Petitioner failed to make a properly supported claim of actual innocence. Thus, the Court will consider only whether Petitioner has made a showing of cause for defaulting on his claim of ineffective assistance of counsel, and prejudice resulting therefrom.

Petitioner again attempts to show cause for his failure to raise the claim in state court, by citing to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Assuming without deciding that he has demonstrated sufficient cause for the default, the Court finds Petitioner has failed to demonstrate the requisite prejudice. In other words, Petitioner gives no indication of the nature of Ms. Harrel's proposed testimony, stating only that she "was willing and available to testify, she would have testified at trial; and her testimony would have provided a viable defense." (§ 2254 Petition, P. 19). Without more, the Court finds no reasonable probability the outcome of Petitioner's trial would have been different had counsel called Ms. Harrel to testify, and so the claim raised in Ground 6 of the instant petition remains procedurally barred and must be denied.

## II. <u>Claims Addressed On The Merits</u>

### A. <u>Ground 1</u>

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in denying his motion for judgment of acquittal at the close of all evidence, as the State's evidence was

insufficient to prove that Petitioner committed the crime of kidnapping. (§ 2254 Petition, PP. 5-7). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> The Missouri Supreme Court recently reaffirmed the following standard of review for challenges to the sufficiency of the evidence:
>
> Generally, this Court's review of the sufficiency of the evidence is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt. This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder "could have found the essential elements of the crime beyond a reasonable doubt." In reviewing the sufficiency of the evidence, all evidence favorable to the State is accepted as true, including all favorable inferences drawn from the evidence. All evidence and inferences to the contrary are disregarded. When reviewing the sufficiency of evidence supporting a criminal conviction, the Court does not act as a 'super juror' with veto powers, but gives great deference to the trier of fact. This Court will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case.
>
> *State v. Nash*, 339 S.W.3d 500, 508-09 (Mo. banc 2011) (internal citations omitted).
>
> *i. Kidnapping*
>
> For our purposes, a person commits the crime of kidnapping "if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of ... [i]nflicting physical injury on or terrorizing the victim or another."[5] Harrell argues that the evidence was not sufficient to establish that he confined [C.M.] to his mother's house for a substantial period of time without her consent by use of forcible compulsion.
>
> The amount of confinement or movement will vary according to the circumstances of each case. *State v. Morrow*, 941 S.W.2d 19, 21 (Mo. App. W.D. 1997). A person is terrorized when they are caused to feel terror or anxiety, or they are coerced through threats or violence. *State v. Brock*, 113 S.W.3d 227, 232 (Mo. App. E.D. 2003) (citing Webster's Third New International Dictionary 2361 (1966)).
>
> C.M.'s testimony that Harrell said he would hit her if she attempted to leave his mother's house is clearly an attempt to coerce her to stay on the steps against her will. The

---

5 § 565.110.1(5).

testimony that, just minutes before, Harrell had punched her in the nose only reinforces that C.M. feared leaving because he might have inflicted more violence upon her. Finally, the testimony showed that the crime only continued as Harrell removed C.M. from his mother's house, pushed her towards his truck, and forced her into the truck. This represents ample evidence from which a reasonable jury could have found Harrell guilty beyond a reasonable doubt of each element of the charge of kidnapping. The point is denied.

(Resp. Exh. E, PP 3-4).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Upon consideration, this Court holds the Missouri State Court's ruling was not contrary to federal law. *See Miller v. Lock*, 108 F.3d 868, 870 (8th Cir. 1997) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) ("In determining the sufficiency of evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"). Here, there was evidence that Petitioner went to the home where C.M. was, walked up to her and hit her in the nose. (Resp. Exh. A, P. 194). He then grabbed her by the hair, and dragged her out of her chair. (*Id.*). The evidence presented indicated that Petitioner then followed C.M. to the bathroom, and prohibited her from leaving the home by threatening to hit her again. (*Id.*, PP. 197-200). Finally, the evidence indicated that

approximately ten minutes later, Petitioner forced C.M. to get in the truck with him against her will, and took her to her house. (*Id.*, PP. 201-04). Taken together, this evidence was sufficient to justify a verdict of guilt beyond a reasonable doubt on the kidnapping count. The decision of the Missouri court thus is entitled to deference, and Ground 1 is denied.

**B.     Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts the trial court erred in denying his motion for judgment of acquittal at the close of all evidence, as the State's evidence was insufficient to prove that Petitioner committed the crime of endangering the welfare of a child in the second degree. (§ 2254 Petition, PP. 7-9). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

*ii. Endangering the Welfare of Child*

> A person commits the crime of endangering the welfare of a child in the second degree if he, with criminal negligence, acts in a manner that creates a substantial risk to the life, body or health of a child under seventeen. § 568.050.1; *Brock*, 113 S.W.3d at 232. A person acts with "criminal negligence" when he fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation. § 562.016.5. Read together, these two statutes require the state to prove defendant failed to be aware of a substantial or unjustifiable risk that his conduct would *endanger* the child. *Brock*, 113 S.W.3d at 232. "Substantial" is defined as "not seeming or imaginary: not illusive;" and "risk" is defined as "the possibility of loss, injury, disadvantage or destruction." *Id.* at 232-33. A charge of child endangerment can be filed whether the outcome of an incident is an injury to the child or not. *Id.* That is, the question before the jury would be whether or not defendant negligently put the child in a position of substantial risk by his conduct. *Id.*
>
> Harrell walked into his mother's house, punched C.M. in the nose, grabbed her by the hair, and pulled her out of the chair in which she was sitting. At the time when Harrell attacked C.M., M.M. was standing right next to her mother. Not only did Harrell's attack put M.M. in a position of substantial danger, the violence actually caused M.M. to fall to the kitchen floor and be injured. This evidence was sufficient for reasonable jurors to find that the defendant's conduct created a substantial risk of endangerment to M.M.'s body and health. Therefore, Harrell's second claim should be denied, and the judgment and sentence of the trial court should be affirmed.

(Resp. Exh. E, PP 4-5).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Upon consideration, this Court again holds the Missouri State Court's ruling was not contrary to federal law. *See Miller*, 108 F.3d at 870 (quoting *Jackson*, 443 U.S. at 319) ("In determining the sufficiency of evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"). Here, there was evidence presented that as Petitioner dragged C.M. out of her chair by her hair, he ran her into her minor daughter standing next to her, and the girl fell to the ground and hit her head. (Resp. Exh. A, P. 194-196). This evidence was sufficient to justify a verdict of guilt beyond a reasonable doubt on the charge of endangering the welfare of a child in the second degree. The decision of the Missouri court thus is entitled to deference, and Ground 2 is denied.

**C.** **Ground 3**

As stated above, in Ground 3 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to call Ms. Tammy Campbell to testify at trial. (§ 2254 Petition, PP. 10-12). Petitioner raised this claim before the 29.15 post-conviction motion court,

and the court denied the claim as follows:

> 3. On April 13, 2010, [trial counsel Mr. Peter Cohen] filed a witness endorsement list endorsing Tammy Campbell and Vince Brinkley as witnesses….
>
> 5. After the State rested, Mr. Cohen interviewed Ms. Campbell and Mr. Brinkley. He decided not [] to call either to testify, believing that Mr. Harrell had a good chance of an acquittal without their testimony, and that their testimony might cause more harm than good, given that he believed that they would have testified that Mr. Harrell had rushed to the scene as soon as he learned that C.M., the victim, was present, that they would have acknowledged that Mr. Harrell and C.M. had been together outside the presence of anyone for a time, that Mr. Brinkley had a prior conviction, and that Ms. Campbell and C.M. were romantic rivals….
>
> 14. Mr. Harrell contends that the convictions violate the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and violate Article I, Section 10 and Article I, Section 18(a) of the Missouri Constitution because Mr. Cohen was ineffective as counsel in that he failed to call Tammie Campbell as a witness. He alleges that Ms. Campbell's testimony would have contradicted that of C.M. that Mr. Harrell had assaulted and kidnapped her, and that he had caused injury to a child….
>
> 19. To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance did not meet the same degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced. Crenshaw v. State, 266 S.W.3d 257, 260 (Mo. banc 2008). To demonstrate prejudice, a movant must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id.
>
> 20. In order to be entitled to relief on the ground that counsel failed to call witnesses movant must establish that the witnesses could have been located through reasonable effort, would have testified if called, and that their testimony would have provided a viable defense. State v. Seward, 936 S.W.2d 592, 595 (Mo. App. 1996). Moreover, counsel's decision not to call a witness is presumptively a matter of trial strategy, and will not support a claim of ineffective assistance unless movant clearly establishes otherwise. State v. Hutchinson, 150 S.W.3d 292, 304 (Mo. Banc 2004).
>
> 21. Ms. Campbell was located and would have testified if called. But her testimony would not have provided a viable defense. She would have testified that she was present during a portion of the time that Mr. Harrell and C.M. were together on the day of the assault and kidnapping and that she did

not witness Mr. Harrell do either. However, she would have testified that she left the premises where they were all together while Mr. Harrell and C.M. stayed. The crimes could have taken place after Ms. Campbell left the scene, and her testimony in no way contradicts the proposition that Mr. Harrell attacked and kidnapped C.M. Therefore, Ms. Campbell's testimony would not have provided a viable defense. Moreover, Mr. Cohen was quite right to be concerned about the effectiveness of Ms. Campbell's testimony: the court observed her at the post conviction hearing and she was inarticulate and her face had many piercings that may have alienated jurors. Moreover, she is the sister of Mr. Harrell; she admitted that she had been both drinking alcohol and smoking marijuana during the time of the events she would have testified to; and, she had several convictions. All in all, she would have been a very poor witness; certainly, Mr. Harrell has not established that Mr. Cohen's strategic decision not to call Ms. Campbell fell below the standard required of a competent attorney.

22. The court concludes that Mr. Cohen was not ineffective for failing to call Ms. Campbell as a witness, and therefore Mr. Harrell was not deprived of the right to counsel pursuant to the Sixth and Fourteenth Amendments to the Constitution of the United States, nor Article I, Section 10 and 18(a) of the Constitution of Missouri.

(Resp.'s Exh. G, PP. 70-74). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

To prove ineffective assistance of counsel for failure to call a witness, a movant must show that: (1) defense counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have provided a viable defense. Hutchinson v. State, 150 S.W.3d 292, 304 (Mo. banc 2004). Additionally, a movant must show that defense counsel's decision not to call the witnesses was not a matter of trial strategy. Gennetten v. State, 96 S.W.3d 143, 151 (Mo.App. W.D. 2003). "[Defense] counsel's decision not to call a witness is presumed to be trial strategy unless otherwise clearly shown." Id. (quoting Bucklew v. State, 38 S.W.3d 395, 398 (Mo. banc 1945)). "When defense counsel believes a witness' testimony would not unequivocally support [a movant's] position, it is a matter of trial strategy not to call him, and the failure to call such witness does not constitute ineffective assistance of counsel." Winfield v. State, 93 S.W.3d 732, 739 (Mo. banc 2002)....

In his second point, Movant[6] asserts that the motion court clearly erred in denying his Rule 29.15 motion because defense counsel was ineffective for failing to call as a witness Ms. Campbell. Specifically, he contends that: (1) Ms. Campbell would have provided

---

[6] Petitioner is referred to as "Movant" by the Missouri Court of Appeals.

Movant a viable defense because Ms. Campbell was present during the October 21, 2009 incident; and (2) "no reasonable trial strategy justified defense counsel's failure" to call Ms. Campbell as a witness. Movant further asserts that but for defense counsel's failure, there is a reasonable probability that the outcome of his trial would have been different because Victim was the only eyewitness to testify and there was no corroborating physical evidence of Victim's testimony.

In its findings of fact and conclusions of law, the motion court found that: "the crimes could have taken place after Ms. Campbell left the scene, and her testimony in no way contradicts the proposition that [Movant] attacked and kidnapped Victim. Therefore, Ms. Campbell's testimony would not have provided a viable defense." The motion court further found that, even if Ms. Campbell's proposed testimony provided Movant a viable defense, defense counsel "was quite right to be concerned about the effectiveness of Ms. Campbell's testimony" and Movant failed to establish that defense counsel's "strategic decision not to call Ms. Campbell fell below the standard required of a competent attorney."

The motion court did not clearly err in denying Movant's motion because defense counsel's decision not to call Ms. Campbell to testify constituted reasonable trial strategy. At the evidentiary hearing, defense counsel explained the strategic reasons for his decision not to call Ms. Campbell as a witness. In addition to his assessment that Victim lacked credibility, defense counsel was concerned about portions of Ms. Campbell's proposed testimony that corroborated Victim's testimony. Specifically, he was "worried" about Ms. Campbell's testimony that "there was a time period [Movant] was alone with [Victim] on the stairs" and that Movant drove Victim to her home. He was also concerned about calling Ms. Campbell as a witness because, at the time of Movant's trial, she seemed "very charged up" about a personal issue she had with Victim. Although Ms. Campbell denied having any personal issue with Victim at the time of Movant's trial, we defer to the motion court's determinations about the credibility of witnesses. White v. State, 122 S.W.3d 118, 119 (Mo. App. S.D. 2003).

Defense counsel's decision not to call Ms. Campbell as a witness was reasonable trial strategy. "If counsel believes that the witness's testimony would not unqualifiedly support the defense, the decision of whether to call the witness is a matter of trial strategy that will not support a finding of ineffective assistance of counsel." State v. Johnson, 901 S.W.2d 60, 63 (Mo. banc 1995). Defense counsel's testimony demonstrated that he believed Ms. Campbell's testimony would not unqualifiedly support the defense. Moreover, defense counsel decided not to call Ms. Campbell after conducting a reasonable investigation. See Lyons, 39 S.W.3d at 39. Accordingly, we cannot say that the motion court clearly erred in finding that Movant failed to overcome the presumption that defense counsel's decision not to call Ms. Campbell was reasonable trial strategy. Point denied.

(Resp. Exh. J, PP. 6, 9-11 (footnotes omitted)).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration, the Court finds that with this claim Petitioner fails to satisfy either prong of the *Strickland* test. With respect to deficient performance, the Court notes that during the evidentiary hearing on Petitioner's post-conviction motion, Mr. Cohen testified that he spoke with Ms. Campbell prior to trial, and determined that she might have relevant information. (Resp. Exh. F,

PP. 7-9). After speaking with her again during the trial, however, Mr. Cohen decided not to call Ms. Campbell, for several reasons. (*Id.*, P. 10). First, he found the victim's testimony lacked credibility, and thus believed Ms. Campbell's testimony was not necessary. (*Id.*). Second, he expressed concerns about Ms. Campbell's testimony itself, as (a) portions of her testimony appeared to corroborate that of the victim, with respect to a time when Petitioner was alone with the victim on the stairs, and (b) Ms. Campbell appeared "very charged up" against the victim, as they currently were fighting over a common boyfriend or man. (*Id.*, P. 11). The 29.15 motion court found Mr. Cohen's testimony to be credible, and that finding was not unreasonable in light of the evidence presented in state court. Under these circumstances, this Court does not find that trial counsel's failure to call Ms. Campbell at trial fell outside the wide range of professionally competent assistance sanctioned by *Strickland*. *See Id.* at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

With respect to prejudice, the Court finds that under the instant facts, it cannot be said that Petitioner was prejudiced by counsel's failure to call Tammy Campbell. Rather, as found by the post-conviction motion court and the Missouri Court of Appeals, because Ms. Campbell's testimony did not conclusively establish she was aware of Petitioner's whereabouts during the time of the offenses, her testimony did not unqualifiedly support the defense, and thus it is unlikely that her testimony would have yielded a different outcome. Under these circumstances, the Missouri State courts' finding that the result of Petitioner's proceeding would likely have been the same even absent counsel's alleged error was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Ground 3 of Petitioner's § 2254 petition must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 4th Day of October, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE